**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**LINDA BANISTER, D.C.,**
as assignee of Rebecca Haliko,

    **Plaintiff,**

vs.                                                                                                  Case No.: 3:07-cv-1040-J16-TEM

**LIBERTY MUTUAL FIRE
INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

Before the Court for consideration is Defendant, Liberty Mutual Fire Insurance Company's ("Liberty Mutual") Motion to Dismiss (the "Motion"). (Dkt. 7). Plaintiff, Linda Banister, D.C., filed a Response (Dkt. 13) to the Motion. For the reasons that follow, the Motion (Dkt. 7) will be **DENIED**.

**I.      Procedural and Factual Background**

Plaintiff originally filed her suit in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County Florida, Case Number 16-2007-CA-8526-MA (the "Circuit Court Action"). (Dkt. 2). Basing its jurisdictional claim on diversity, Defendant removed the Circuit Court Action to this Court on November 8, 2007. (Dkt. 1).

Plaintiff is a chiropractor who treated Ms. Rebecca Haliko, a Liberty Mutual insured, for injuries that Ms. Haliko sustained in an automobile accident on March 6, 2000. Liberty Mutual insured Ms. Haliko under policy number A02-251-439247-001 (the "Policy"). (Dkt. 2, Ex. B). The Policy provided benefits for Personal Injury Protection ("PIP") and medical payment coverage ("Medical Payment Coverage"). In accordance with the Policy and Fla. Stat. § 627.736(1)a, Liberty

Mutual is required to pay 80% of all "reasonable expenses." The Policy provided PIP coverage, in pertinent part, as follows:

> A. We will pay in accordance with the Florida Motor Vehicle No-Fault Law, personal injury protection benefits to or for an "insured" who sustains "bodily injury." The "bodily injury" must be caused by an accident arising out of the ownership, maintenance or use of a motor vehicle.
>
> B. Subject to the limits shown in the Schedule of Declarations, personal injury protection benefits consist of the following:
>
> > a. Necessary medical, surgical, x-ray, dental, ambulance, hospital, professional nursing and rehabilitative services. . . .

Under the Policy, Liberty Mutual also agreed to provide Medical Payment Coverage as follows:

> A. We will pay reasonable expenses incurred for necessary medical and funeral services because of "bodily injury;"
>
> > 1. Caused by accident; and
> >
> > 2. Sustained by an "insured."
>
> We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

Ms. Haliko executed an Assignment of Benefits (the "Assignment") in favor of Plaintiff, which allowed Liberty Mutual to pay Plaintiff directly for her medical service to Ms. Haliko. (Dkt. 13, Ex. A). Plaintiff then billed Liberty Mutual directly. When paying Plaintiff's bills, Liberty Mutual paid 80% of a Preferred Provider Organization ("PPO") discounted rate under the PIP Portion of the Policy instead of paying 80% of reasonable expenses under the PIP portion of the Policy.

Plaintiff has a contract with a third party network known as Beech Street. Beech Street, a PPO, enters into contracts with health care providers such as Plaintiff under which the health care

providers agree to accept reduced rates in exchange for the alleged benefits of being a member of the PPO network. See Dkt. 7 at p.2, n.1 and Dkt. 13, pp. 1-2 for specific details.

As a result of Liberty Mutual's failure to pay Plaintiff under the Policy's terms, Plaintiff filed the Circuit Court Action to enforce the Policy's terms and conditions and for full payment of the bills at issue. In addition to filing the Circuit Court Action, Plaintiff also filed a Civil Remedy Notice ("CRN") pursuant to Fla. Stat. § 625.155, alleging, among other things, that Liberty Mutual violated Fla. Stat. § 626.9541(1)(i)(2); Fla. Stat. § 626.9541(1)(i)(3); and Fla. Stat. § 624.155(1)(b)(1). (Dkt. 2, Ex. D and Dkt. 13, Ex. B). Under Fla. Stat. § 624.155, an insurer like Liberty Mutual has sixty (60) days to cure the alleged violations set forth in the CRN.

Liberty Mutual failed to pay damages or cure the violations set forth in the CRN within the requisite sixty (60) days. Following the expiration of the sixty (60) days, however, Liberty Mutual agreed to settle the Circuit Court Action and paid Plaintiff the full amount of the medical bills requested, as well as appropriate interest and attorney's fees. The settlement includes a release signed by the parties, which specifically reads that the settlement did not apply to any subsequent bad faith claim that Plaintiff might choose to file. (Dkt. 13, Ex. C).

Against this factual backdrop, Liberty Mutual claims that Plaintiff's suit should be dismissed because: 1) Plaintiff does not have standing to sue for the harm allegedly caused to the insured; 2) Plaintiff's Complaint fails to state a cause of action because Liberty Mutual's allegedly improper actions do not constitute bad faith; 3) Plaintiff failed to satisfy the statutory prerequisites for filing a bad faith claim; and, 4) Plaintiff's claim is barred by the statute of limitations. Plaintiff responds that Liberty Mutual should not prevail under any of the four grounds for dismissal.

**II.     Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. <u>Jackson v. Okaloosa County, Fla.</u>, 21 F.3d 1532, 1534 (11th Cir. 1994). Furthermore the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed. R.Civ. P., 10 (c); <u>GSW, Inc. v. Long County, Ga.</u>, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint must be dismissed pursuant to Fed.R.Civ.P 12 (b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1974 (2007) (rejecting the traditional 12(b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. <u>Harrison v. Office of the State Courts Administrator</u>, 2007 WL 1576351 (May 20, 2007, M.D. Fla.) (citing to <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)).

In general, courts disfavor motions to dismiss and only grant such motions in rare circumstances. <u>See</u> <u>Gasper v. La. Stadium and Exposition Dist.</u>, 577 F.2d 897, 900 (5th Cir. 1978). Further, a motion to dismiss a complaint must be decided on questions of law and questions of law only. <u>Kest v. Nathanson</u>, 216 So.2d 233, 235 (Fla. 4th Dist. Ct. App. 1968).

**III.   Discussion**

Underlying the Motion is Liberty Mutual's contention that Plaintiff is alleging bad faith based on the manner in which Liberty Mutual sold the Policy to Ms. Haliko. Liberty Mutual summarizes Plaintiff's suit as follows:

> (a) Liberty Mutual had a fiduciary duty towards its insured . . . to act in good faith with respect to the sale and purchase of insurance coverage by Ms.

> Haliko and the handling of any claims under the [Policy]; (b) Liberty Mutual breached its duty of good faith by failing to offer Ms. Haliko an opportunity to elect a PPO endorsement that would have resulted in lower premiums and higher PIP benefits; and (c) Liberty Mutual breached its good faith duties by not explaining to Ms. Haliko that it would pay PIP benefits at the discounted PPO rate irrespective of whether she had elected the PPO endorsement.

(Dkt. 7 at p. 3).

Plaintiff responds:

> The Defendant mistakenly argues that the conduct described in the [C]omplaint regarding the failure of the Defendant to offer its insured a PPO endorsement is what serves as the basis for this bad faith suit. In fact, for [Plaintiff] to state a claim for bad faith, she must allege violations of the statutes enumerated in Fla. Stat. § 624.155. Paragraph 28 of the [C]omplaint demonstrates quite clearly the basis for this suit. The alleged violations are:
>
> | | |
> |---|---|
> | Fla. Stat. § 626.9541(1)(i)(2): | Material misrepresentations were made to a person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effectuating settlement of such claims, loss, or damage under such contract or policy on less than favorable terms than those provided in, and contemplated by, such contract or policy. |
> | Fla. Stat. § 626.9541(1)(i)(3) | Committing or performing with such frequency as to indicate a general business practice following failing to adopt or implement standards for the proper investigating of claims. |
> | Fla. Stat. § 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly towards the insured, and with due regard for his or her interest.[1] |

The threshold for overcoming a motion to dismiss is "notoriously" low. Quality Foods v.

---

[1] These same statutes appear in the CRN.

Latin Am. Agribusiness Dev., 711 F.2d 989, 995 (11 th Cir. 1983). The threshold is low because the issue being tested is whether a plaintiff's counsel can provide evidence to support the claims being made, not whether those claims will be successful. For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true and accept all reasonable inferences therefrom.

According to Plaintiff, this is a bad faith case based on Liberty Mutual's alleged violations of the statutes listed above. Adhering to the law, the Court must accept Plaintiff's characterization of the case and corresponding allegations as true. It is against this factual backdrop that the Court finds that this Motion should be denied.

**IV. Conclusion**

Therefore, it is **ORDERED AND ADJUDGED** that the Motion (Dkt. 7) is **DENIED**.

**DONE and ORDERED** in Chambers in Jacksonville, Florida on this 28th day of February 2008.

_____
JOHN H. MOORE II
United States District Judge

Copies to:   Counsel of Record